# UNITED STATES COURT OF APPEALS
# FOR THE ELEVENTH CIRCUIT

ELBERT PARR TUTTLE COURT OF APPEALS BUILDING
56 Forsyth Street, N.W.
Atlanta, Georgia 30303

David J. Smith
Clerk of Court

FILED BY ___AP___ D.C.

Mar 19, 2020

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - MIAMI

For rules and forms visit
www.ca11.uscourts.gov

March 19, 2020

Clerk - Southern District of Florida
U.S. District Court
400 N MIAMI AVE
MIAMI, FL 33128-1810

Appeal Number: 19-12676-AA
Case Style: Robert Sarhan, et al v. H & H Investors, Inc.
District Court Docket No: 1:19-cv-22588-DPG

A copy of this letter, and the judgment form if noted above, but not a copy of the court's decision, is also being forwarded to counsel and pro se parties. A copy of the court's decision was previously forwarded to counsel and pro se parties on the date it was issued.

The enclosed copy of the judgment is hereby issued as mandate of the court. The court's opinion was previously provided on the date of issuance.

Sincerely,

DAVID J. SMITH, Clerk of Court

Reply to: Lois Tunstall
Phone #: (404) 335-6191

Enclosure(s)

MDT-1 Letter Issuing Mandate

# UNITED STATES COURT OF APPEALS
## For the Eleventh Circuit

_____

No. 19-12676

_____

District Court Docket No.
1:19-cv-22588-DPG

ROBERT SARHAN,
ANABELLA SOURY,
a.k.a. Anabella Sarhan,

                    Plaintiffs - Appellants,

versus

H & H INVESTORS, INC.,
a Florida Corporation,

                    Defendant - Appellee.

_____

Appeal from the United States District Court for the
Southern District of Florida

_____

## JUDGMENT

It is hereby ordered, adjudged, and decreed that the opinion issued on this date in this appeal is entered as the judgment of this Court.

Entered: January 09, 2020
For the Court: DAVID J. SMITH, Clerk of Court
By: Djuanna H. Clark

ISSUED AS MANDATE 03/19/2020

[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 19-12676
Non-Argument Calendar
_____

D.C. Docket No. 1:19-cv-22588-DPG

ROBERT SARHAN,
ANABELLA SOURY,
a.k.a. Anabella Sarhan,

                  Plaintiffs-Appellants,

versus

H & H INVESTORS, INC.,
a Florida Corporation,

                  Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(January 9, 2020)

Before WILSON, MARTIN, and ROSENBAUM, Circuit Judges.

PER CURIAM:

This should be a straightforward foreclosure case. Yet the appellants have done everything in their power to stay the case's resolution. With this opinion, we put a stop to it.

Appellants Robert Sarhan and Anabella Soury used to be married. During their marriage, they owned a tree farm in South Florida. They eventually divorced, and in the separation agreement, Soury divested any interest she had in the tree farm property.

Sometime later, Sarhan grew late on his mortgage payments for the tree farm. So his lender, appellee H & H Investors, foreclosed on the property in Florida state court. Years of litigation followed, with the appellants raising a forest of frivolous claims to delay the foreclosure. Among these arguments were claims that the foreclosure judgment was void since Soury had not received a copy of the judgment or had a chance to raise her defenses in state court.

The state courts of Florida rejected these contentions. Multiple judges considered and rejected Soury's claim that she had an interest in the property. In fact, just a day before the appellants filed this case, a state court held that Soury had no interest in the property, that she had received adequate due process in state court, and that the foreclosure judgment was not void. That court also expressed frustration with the appellants' repeated abuse of the legal system. Florida's Third District Court of Appeal affirmed the trial court's ruling.

Having struck out in state court, the appellants set their sights on federal court. They filed multiple lawsuits in the Southern District of Florida, generally repeating their state court claims that the foreclosure judgment was void and that Soury received insufficient process. The first district court dismissed their claims for lack of subject matter jurisdiction. The second district court dismissed their claims as frivolous and under the *Rooker-Feldman* doctrine. The third district court (from which we hear this appeal) dismissed the claims for the same reasons as the second court in a paperless order.

The appellants now appeal. H & H Investors has moved for sanctions against the appellants and their counsel for their frivolous conduct. On the merits, we affirm the district court under the *Rooker-Feldman* doctrine. And given the appellants' (and their counsel's) unabashed abuse of the legal system, we grant the motion for sanctions. The appellants and their counsel are to pay double costs and reasonable attorneys' fees related to this appeal.

## I.

We review de novo a district court's finding that it lacks subject matter jurisdiction under the *Rooker-Feldman* doctrine. *Casale v. Tillman*, 558 F.3d 1258, 1260 (11th Cir. 2009). We do the same when a court dismisses a case on its own motion without prejudice. *See Am. United Life Ins. Co. v. Martinez*, 480 F.3d 1043, 1057 (11th Cir. 2007).

The *Rooker-Feldman* doctrine holds that federal courts cannot review state court final judgments. *Casale*, 558 F.3d at 1260.[1] The doctrine applies even to federal claims raised in state court. *Id.* It also applies to claims "inextricably intertwined" with a state court's judgment. *Id.* A federal court claim is inextricably intertwined if it would "effectively nullify" the state court judgment or if it "succeeds only to the extent that the state court wrongly decided the issues." *Id.* The doctrine does not apply, though, if the party lacked a "reasonable opportunity" to raise the "federal claim in state proceedings." *Id.*

Two district courts have held that the *Rooker-Feldman* doctrine bars the appellants' claims. Both were right. The appellants' federal claims are mere specters of those they have already lost in state court. There, the appellants urged that the foreclosure judgment was void because it was not served on Soury and because Soury did not receive adequate due process. Here, the appellants urge the same thing. The state court gave Soury ample time to raise these issues in that forum. *See id.* In fact, the state court rejected these claims on their merits, noting that Soury had no interest in the property and that she had received whatever process she was due in the foreclosure proceeding. Their federal claims here could succeed "only to the extent that the state court wrongly decided the issues." *See id.*

---

[1] The doctrine stems from the Supreme Court opinions defining its boundaries. *See D.C. Court of Appeals v. Feldman*, 460 U.S. 462, 482 (1983); *Rooker v. Fid. Trust Co.*, 263 U.S. 413, 415–16 (1923).

And since federal relief would "effectively nullify" the state court judgment, *id.*, the *Rooker-Feldman* doctrine bars the appellants' claims.[2]

## II.

We may award double costs and reasonable attorneys' fees as a sanction against appellants (and counsel) who bring a frivolous appeal. *See* Fed. R. App. P. 38; *Taiyo Corp. v. Sheraton Savannah Corp.*, 49 F.3d 1514 (11th Cir. 1995) (holding that a party and its appellate counsel were "jointly and severally liable" for costs and fees under Rule 38). This is a frivolous appeal. As the district court told the appellants and their counsel, this case is a carbon copy of an earlier case filed in the Southern District of Florida. That earlier case made the appellants and their attorneys aware that their claims are barred under the *Rooker-Feldman* doctrine. Their appeal to us is simply a request for a second second opinion. And it's just the latest in a line of frivolous arguments made to halt foreclosure in state and federal court. It seems these appellants won't take no for an answer. So sanctions is the only answer we have left.

---

[2] The appellants' complaint also requests that we enjoin the state court in several ways. Though the district court did not address these claims, we note that this relief would violate the Anti-Injunction Act and that we see no applicable exception. 28 U.S.C. § 2283. So to the extent that these requests fall outside the *Rooker-Feldman* doctrine, we exercise our ability to affirm the district court on any grounds supported in the record. *See Kernel Records Oy v. Mosley*, 694 F.3d 1294, 1309 (11th Cir. 2012).

## III.

The district court's order dismissing the case without prejudice is **AFFIRMED**. The case is **REMANDED** to the district court for proceedings to determine costs and reasonable attorneys' fees related to the appellants' frivolous appeal. The appellants and their counsel shall be jointly and severally liable for double costs and reasonable attorneys' fees related to this appeal under Fed. R. App. P. 38.

**UNITED STATES COURT OF APPEALS
FOR THE ELEVENTH CIRCUIT**

ELBERT PARR TUTTLE COURT OF APPEALS BUILDING
56 Forsyth Street, N.W.
Atlanta, Georgia 30303

David J. Smith
Clerk of Court

For rules and forms visit
www.ca11.uscourts.gov

January 09, 2020

MEMORANDUM TO COUNSEL OR PARTIES

Appeal Number: 19-12676-AA
Case Style: Robert Sarhan, et al v. H & H Investors, Inc.
District Court Docket No: 1:19-cv-22588-DPG

**This Court requires all counsel to file documents electronically using the Electronic Case Files ("ECF") system, unless exempted for good cause.** Enclosed is a copy of the court's decision filed today in this appeal. Judgment has this day been entered pursuant to FRAP 36. The court's mandate will issue at a later date in accordance with FRAP 41(b).

The time for filing a petition for rehearing is governed by 11th Cir. R. 40-3, and the time for filing a petition for rehearing en banc is governed by 11th Cir. R. 35-2. Except as otherwise provided by FRAP 25(a) for inmate filings, a petition for rehearing or for rehearing en banc is timely only if received in the clerk's office within the time specified in the rules. Costs are governed by FRAP 39 and 11th Cir.R. 39-1. The timing, format, and content of a motion for attorney's fees and an objection thereto is governed by 11th Cir. R. 39-2 and 39-3.

Please note that a petition for rehearing en banc must include in the Certificate of Interested Persons a complete list of all persons and entities listed on all certificates previously filed by any party in the appeal. See 11th Cir. R. 26.1-1. In addition, a copy of the opinion sought to be reheard must be included in any petition for rehearing or petition for rehearing en banc. See 11th Cir. R. 35-5(k) and 40-1 .

Counsel appointed under the Criminal Justice Act (CJA) must submit a voucher claiming compensation for time spent on the appeal no later than 60 days after either issuance of mandate or filing with the U.S. Supreme Court of a petition for writ of certiorari (whichever is later) via the eVoucher system. Please contact the CJA Team at (404) 335-6167 or cja_evoucher@ca11.uscourts.gov for questions regarding CJA vouchers or the eVoucher system.

Pursuant to Fed.R.App.P. 39, costs taxed against the appellants.

Please use the most recent version of the Bill of Costs form available on the court's website at www.ca11.uscourts.gov.

For questions concerning the issuance of the decision of this court, please call the number referenced in the signature block below. For all other questions, please call T. L. Searcy, AA at (404) 335-6180.

Sincerely,

DAVID J. SMITH, Clerk of Court

Reply to: Djuanna H. Clark
Phone #: 404-335-6151

OPIN-1A Issuance of Opinion With Costs

PS order enclosed.