UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 19-22588-CIV-GAYLES/OTAZO-REYES

ROBERT SARHAN and
ANABELLA SOURY a/k/a
ANABELLA SARHAN,

    Plaintiffs,

v.

H&H INVESTORS, INC.,
a Florida Corporation,

    Defendant.
_____/

## REPORT AND RECOMMENDATION

THIS CAUSE came before the Court upon the following submissions:

1. Defendant H&H Investors, Inc.'s (hereafter, "Defendant") Bill of Costs (hereafter, "Bill of Costs") [D.E. 17].

2. Defendant's Motion for Attorney's Fees and Double Costs Pursuant to Appellate Order (hereafter, "Motion for Fees and Costs") [D.E. 18].

These matters were referred to the undersigned pursuant to 28 U.S.C. § 636 by the Honorable Darrin P. Gayles, United States District Judge [D.E. 28, 29]. For the reasons stated below, the undersigned respectfully recommends that Defendant's Motion for Fees and Costs be GRANTED.

## PROCEDURAL AND FACTUAL BACKGROUND

On June 21, 2019, Plaintiffs Robert Sarhan and Anabella Soury (together, "Plaintiffs") commenced this action seeking relief from a Florida state court judgment of foreclosure on Plaintiffs' residence (hereafter, "Judgment of Foreclosure"). See generally Emergency Complaint [D.E. 1]. On June 24, 2019, the Court dismissed this action without prejudice finding that: (1) Plaintiffs' claims were frivolous; and (2) the Court was without subject-matter jurisdiction

pursuant to the *Rooker-Feldman* doctrine because Defendant's purpose in filing this action was to nullify the Judgment of Foreclosure. See Paperless Order [D.E. 5]. On July 7, 2019, Plaintiffs filed a Notice of Appeal from this Court's dismissal order (hereafter, "Federal Court Appeal") and a Notice of Appeal from the Judgment of Foreclosure in Florida state court (hereafter, "State Court Appeal"). See Notice of Appeal [D.E. 8]; Ex. B. to Defendant's Reply to Motion for Attorneys' Fees and Costs (hereafter, "Reply") [D.E. 30-2 at 1-9].

On January 9, 2020, the Eleventh Circuit Court of Appeals ("Eleventh Circuit") affirmed the Court's dismissal of this action and awarded Defendant sanctions in the form of "double costs and reasonable attorneys' fees related to [the] appeal" pursuant to Rule 38 of the Federal Rules of Appellate Procedure (hereafter, "F.R.A.P 38") due to Plaintiffs' "unabashed abuse of the legal system." See Ex. C. to Motion for Fees and Costs [D.E. 18-3 at 3-6].[1] The Eleventh Circuit then remanded with instructions for this Court to "determine costs and reasonable attorneys' fees related to [Plaintiffs'] frivolous appeal[,]" and further instructed that Plaintiffs and their counsel, Arthur J. Morburger ("Mr. Morburger"), be made jointly and severally liable for the sanctions imposed by the Court. Id. at 6.

On March 19, 2020, Defendant filed its Motion for Fees and Costs seeking $8,150.00 in attorneys' fees and $1,134.86 in straight taxable costs related to the Federal Court Appeal. See Motion for Fees and Costs [D.E. 18 at 2-3]. In support of its Motion for Fees and Costs, Defendant attached an invoice (hereafter, "Invoice No. 16850") as an exhibit, which detailed the following in connection with the Federal Court Appeal: the number of hours expended by each timekeeper; the

---

[1] F.R.A.P. 38 states: "If a court of appeals determines that an appeal is frivolous, it may, after a separately filed motion or notice from the court and reasonable opportunity to respond, award just damages and single or double costs to the appellee." Fed. R. App. P. 38.

tasks performed during those hours; and the costs incurred. See Invoice No. 16850 [D.E. 18-4 & 5].

## DISCUSSION

### 1. Entitlement to Attorneys' Fees and Costs

Based on the Eleventh Circuit's ruling, there is no dispute that Defendant is entitled to an award of reasonable attorneys' fees and double costs related to the Federal Court Appeal.

### 2. Calculation of Attorneys' Fees

Defendant's fee request is composed of the following items:

| Timekeeper | Hours | Rate ($/hour) | Total ($) |
|---|---|---|---|
| Raul Gastesi, Esq. ("Mr. Gastesi") | 4.4 | 400.00 | 1,760.00 |
| Ruth Acevedo, Esq. ("Ms. Acevedo") | 21.3 | 300.00 | 6,390.00 |
| **Requested Total** | **25.7** | | **8,150.00** |

See Motion for Fees and Costs [D.E. 18 at 2-4].

"The proper method for determining attorney's fees is to multiply a reasonable hourly rate by a reasonable number of hours expended." Sawicki v. Anauel Catering Corp., No. 17-CV-22402, 2017 WL 7796308, at *2 (S.D. Fla. 2017) (citing Gray v. Lockheed Aeronautical Sys. Co., 125 F.3d 1387, 1389 (11th Cir. 1997)). "The fee applicant bears the burden of establishing entitlement to the award and documenting the appropriate hours and hourly rates." Parness v. Piazza Benvenuto Ristorante, Pizzeria & Mkt., Inc., No. 08-CV-61604, 2009 WL 1117362, at *1 (S.D. Fla. 2009) (citing Hensley v. Eckerhart, 461 U.S. 424, 437 (1983)). However, "[t]he court . . . is itself an expert on the question and may consider its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment either with or without the aid of witnesses as to value." Norman v. Hous. Auth. of City of Montgomery, 836 F.2d 1292, 1303 (11th Cir. 1988) (quoting Campbell v. Green, 112 F.2d 143, 144 (5th Cir. 1940).

Here, Plaintiffs do not challenge the timekeepers' respective hourly rates nor the hours expended by them. See Response to Motion for Attorneys' Fees and Costs (hereafter, "Response") [D.E. 26 at 2]. Rather, Plaintiffs raise the following objections to the fee award sought by Defendant.

Plaintiffs first argue that Invoice No. 16850 contains "charges improperly listed for 'RG' and 'RA' without any further identification" and that "no fees can be awarded for a non-lawyer or an attorney not admitted to practice in the Eleventh Circuit[.]" Id. However, as explained by Defendant, the references to "RG" and "RA" are obviously to Mr. Gastesi and Ms. Acevedo, respectively, its two attorneys in the Federal Court Appeal. See Reply [D.E. 30 ¶ 13]. Accordingly, the undersigned finds that this objection is wholly without merit.

Plaintiffs next argue that the Motion for Fees and Costs fails to comply with Southern District of Florida Local Rule 7.3(a)(4), which requires that a motion for an award of attorneys' fees "disclose the terms of any *applicable* fee agreement." See Response [D.E. 26 at 2]; S.D. Fla. L. R. 7.3(a)(4) (emphasis added). However, Defendant had already explained in the Motion for Fees and Costs that there was no formal written fee agreement between it and Mr. Gastesi because Mr. Gastesi has represented Defendant in legal matters related to Plaintiffs for seven years and, given their longstanding relationship, Defendant and Mr. Gastesi "came to an understanding with regard to the federal court matters that fees and costs would be agreed to after . . . [Plaintiffs'] seemingly endless barrage of frivolous appeals and other similar filings came to an end." See Motion for Fees and Costs [D.E. 18 ¶¶ 14-16]. Thus, there was no "applicable" fee agreement to be disclosed. Accordingly, the undersigned also finds that this objection is wholly without merit.

Lastly, Plaintiffs argue that Invoice No. 16850 was not sworn to, and, as a result, the tasks detailed therein were not verified as required by Southern District of Florida Local Rule 7.3(a)(7).

See Response [D.E. 26 at 2]. Plaintiffs' argument misreads the Local Rule, which requires that a "motion for an award of attorneys' fees and/or non-taxable expenses and costs arising from the entry of a final judgment" be verified. See S. D. Fla. L. R. 7.3(a)(7). Here, Defendant complied with this requirement by submitting a verified Motion for Fees and Costs. See Motion for Fees and Costs [D.E. 18 at 4]. Therefore, the undersigned finds that this final objection is also wholly without merit.

Having addressed Plaintiffs' objections, the undersigned turns to the fee amount sought, which Plaintiffs did not challenge. Based on the undersigned's own experience, the undersigned concludes that the hourly rates and the hours expended by each timekeeper are reasonable and appropriate. Norman, 836 F.2d at 1303. Accordingly, the undersigned recommends that Defendant be awarded $8,150.00 in attorneys' fees.

### 3. Taxable Costs

Defendant's straight costs request is as follows:

| Items | Amount ($) |
|---|---|
| Transcript of Florida state court proceedings which took place on June 17, 2019 (hereafter, "June 17 Transcript") | 629.50 |
| Transcript of Florida state court proceedings which took place on June 20, 2019 (hereafter, June 20 Transcript") | 475.50 |
| Binding for Defendant's Answer Brief | 11.75 |
| Postage for mailing of the Answer Brief to the Eleventh Circuit | 18.11 |
| **Total** | **1,134.86** |

See Bill of Costs [D.E. 17 at 1-2]; Memorandum of Costs [D.E. 17-3 at 1-2].

Here, Plaintiffs do not argue that the costs sought by Defendant are not allowable under Rule 39 of the Federal Rules of Appellate Procedure (hereafter, "F.R.A.P. 39") or Eleventh Circuit Rule 39-1. See Fed. R. App. P. 39(e)(1)-(2) (costs on appeal related to: (1) the "preparation and transmission of the record"; and (2) "the reporter's transcript, if needed to determine the appeal[,]"

are taxable in district court); 11th Cir. R. 39-1 (allowing costs "for printing or reproduction and binding"). Rather, Plaintiffs raise the following objections to the cost award sought by Defendant.

Plaintiffs first argue that the Motion for Fees and Costs fails to comport with Southern District of Florida Local Rule 7.3(c), which requires that a bill of costs: "attach copies of any documentation showing the amount of costs and shall be supported by a memorandum not exceeding ten (10) pages." See Response [D.E. 26 at 2]; S. D. Fla. L. R. 7.3(c). Here, Defendant attached the invoices for both the June 17 Transcript and the June 20 Transcript (together, "Transcripts") as an exhibit to the Bill of Costs. See Ex. B. to Bill of Costs [D.E.17-2 at 1-2]. Defendant also attached documentation regarding the costs related to the Answer Brief's binding and postage as an exhibit to Defendant's Reply. See Ex. D. to Reply [D.E. 30-4 at 1-4]. Therefore, the undersigned finds that Defendant complied with the Local Rule. See Kilpatrick v. Breg, Inc., No. 08-CV-10052, 2010 WL 11505560, at *2 (S.D. Fla. 2010) (failure to comply with Southern District of Florida Local Rule 7.3(c) was not fatal because the required documentation was attached to the movant's reply and there was no prejudice as a result of the late disclosure).

Plaintiffs next argue that the cost of the Transcripts is not recoverable because: Defendant ordered the Transcripts before any work had been performed in connection with the Federal Court Appeal; and the Transcripts were first filed in connection with the State Court Appeal, and later filed in the Eleventh Circuit in connection with the Federal Court Appeal. See Response [D.E. 26 at 1-2]. However, the Transcripts were needed to determine the Federal Court Appeal; hence, the costs incurred in connection with the Transcripts are recoverable pursuant to F.R.A.P. 39(e)(2).

In light of the foregoing, the undersigned finds that Defendant is entitled to $1,134.86 in straight costs, to be doubled in accordance with the Eleventh Circuit's instructions for a total cost award of $2,269.72.

**RECOMMENDATION**

Based on the foregoing, the undersigned RESPECTFULLY RECOMMENDS that Defendant's Motion for Fees and Costs be GRANTED, and that Plaintiff be awarded **$8,150.00** in attorneys' fees and **$2,269.72** in costs for a total award of **$10,419.72,** for which Plaintiffs and Mr. Morburger shall be jointly and severally liable.

Pursuant to Local Magistrate Judge Rule 4(b), the parties have **fourteen days** from the date of this Report and Recommendation to file written objections, if any, with the Honorable Darrin P. Gayles, United States District Judge. Failure to file timely objections may bar the parties from attacking the factual findings contained herein on appeal. See Resolution Tr. Corp. v. Hallmark Builders, Inc., 996 F.2d 1144, 1149 (11th Cir. 1993). Further, "failure to object in accordance with the provisions of [28 U.S.C.] § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions." See 11th Cir. R. 3-1 (I.O.P. - 3).

RESPECTFULLY SUBMITTED in Chambers in Miami, Florida, on this 16th day of June, 2020.

ALICIA M. OTAZO-REYES
UNITED STATES MAGISTRATE JUDGE

cc:   United States District Darrin P. Gayles
     Counsel of Record